JOHN T. DEJURNETT ET AL v. JOHN SOPER ET AL.

Judicial Sales—Fraudulent Combinations to Prevent Bidding—Harmlessness.
    Where evidence shows a fraudulent combination to prohibit competition in the bidding at a judicial sale of land. but that at the sale the land sold at its full value: held, to be a harmless error and not subject to rescission by the court.

APPEAL FROM BOURBON CIRCUIT COURT.

December 16, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

The evidence in this case conduces to show that the appellee John J. Letton resorted to indelicate and perhaps improper means to prevent competition in the bidding in the last sale made of the lands of which his father died seized, and the circumstances proven are calculated to excite the suspicion that there existed a fraudulent combination between Talbot, Soper and said appellee to so manage the sale as to enable them to buy the land for less than it's value. But we do not think the evidence in the case preponderates in favor of these conclusions to such an extent as would authorize the courts to interfere in behalf of the appellants, especially as the weight of evidence shows that notwithstanding any improper means that may have been resorted to, or any fraudulent combination which may have existed between the appellees, the lands sold for their fair market value. This being true, appellants sustained no damage by reason of the matters and things complained of, and their petition was properly dismissed.

Judgment affirmed.

*Prall, for appellant.*
*Davis, Aleander & Turner, for appellee.*